FILED
 2022 Jan-07  PM 03:01
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **ASHLEY RAINES,** | ) |
| **Plaintiff,** | ) |
| v. | ) |
| **REED ALABAMA, INC.,** **ROGERS GROUP, INC.** and **FICTITIOUS DEFENDANTS** **1 – 5** whether singular or plural, that entity or entities, individual or individuals that Plaintiff avers was/were directly responsible for the sexual harassment, inequitable discrimination and constructive/actual termination of Plaintiff.  The identities of the fictitious parties defendant herein are otherwise unknown to Plaintiff at this time or, if their names are known, their identities as proper parties defendant are not known to Plaintiff at this time, and their true names will be substituted by amendment when ascertained. | ) **Civil Action No.: _____** |
| **Defendants.** | ) |

## COMPLAINT

COMES NOW, Ashley Raines, Plaintiff in the above-styled action, and files this Complaint against Reed Alabama, Inc. (henceforth "Reed"), Rogers Group, Inc.

(henceforth "Rogers"), and Fictitious Defendants 1 through 5 inclusive, Defendants in the above-styled action, and, in support thereof, would show as follows:

## INTRODUCTION

During her employment with Reed, Plaintiff Ashley Raines was subjected to severe and pervasive sexual harassment, including physical groping of her person and incessant sexually suggestive comments by her supervisors. Although she complained to the Human Resources department, nothing was done to remedy the situation and the harassment continued unabated. Plaintiff was subsequently retaliated against for her complaints of sexual harassment by being denied opportunities for work. When Reed later sold the business to the Rogers Group, Inc., Reed refused to acknowledge Plaintiff's continued employment and the Rogers Group affirmatively refused to hire Plaintiff because she had filed an EEOC complaint against Reed for harassment and discrimination. This resulted in the termination of Plaintiff's employment as a direct result of her complaints.

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is instituted and authorized pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991 which provides for relief against discrimination and employment on the basis of sex (henceforth "Title VII").

2. Defendants, Reed and Rogers, conduct business in this district and

division. Moreover, a portion of the unlawful employment practices alleged in this complaint occurred within this district and division. Thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e—5(f)(3).

### CONDITIONS PRECEDENT

3. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (henceforth "E.E.O.C.") alleging discrimination on or around February 10, 2020, on the basis of her sex and retaliation in violation of Title VII. A true and correct copy of this Charge of Discrimination is attached hereto as "Exhibit A."

4. The EEOC subsequently issued, a "Notice of Right to Sue (Issued on Request)" related to this matter on October 12, 2021. A copy of the Right to Sue is attached hereto as "Exhibit B." Plaintiff received a Dismissal and Notice of Rights from the E.E.O.C. and this action was instituted within ninety (90) days of receipt thereof.

### PARTIES

5. Plaintiff, Ashley Raines, is above the age of nineteen (19) and is a resident of Madison County in the State of Alabama.

6. Defendant, Reed Alabama, Inc. is a domestic corporation, that, at all relevant times, was and is doing business in the State of Alabama, within the Northern District of Alabama.

7. Defendant, Rogers Group, Inc. is a foreign corporation, doing business by registered agent in the State of Alabama, within the Northern District of Alabama.

8. In or around January 2021, Defendant Rogers purchased the business assets and liabilities of Defendant Reed.

## FACTS

9. Plaintiff, who is female, began working for Defendant Reed as a grader on or around September 09, 2020.

10. Plaintiff's foreman was a male named Jimmy Hayes.

11. Shortly after the commencement of her employment, Plaintiff Ashley Raines rode with Hayes to the worksite of another foreman named Tommy Riddle.

12. At that site, Plaintiff overheard Riddle say to Hayes "…*do you think she'll tell?*"

13. Hayes then told Plaintiff to *"cover [her] ears."* Plaintiff did not hear what was then said between them.

14. Shortly thereafter, Hayes began to subject Plaintiff to offensive and unwelcome sexual comments which included the following:

- That she had "a fat ass";
- That she should eat more, so that she did not lose weight;
- Asking whether she enjoyed threesomes with other women;
- Asking whether he could see Plaintiff's stomach;

- Asking whether she had a "donut mouth, good for sucking dick";
- Asking whether she wore panties;
- Telling Plaintiff she was sexy:
- Telling Plaintiff he didn't like his "girls" to wear makeup;
- Telling Plaintiff that he didn't like girls who smoked;
- Suggesting to Plaintiff that she would like a particular piece of construction equipment because it vibrated and would make her orgasm.

15. When confronted with such comments, Plaintiff would tell Hayes not to speak to her like that and would consistently walk away from him.

16. On one occasion, Plaintiff Ashley Raines, heard Hayes making a comment to another Reed employee, Cody May (male) about "putting a finger in her ass."

17. Hayes frequently directed Plaintiff to cover her ears when he was talking with groups of men, and Plaintiff would simply walk away.

18. Regardless, Plaintiff would often still hear Hayes talking about her "ass" and how "thick" she was to these other men.

19. Hayes made unwelcome and sexually offensive comments to Plaintiff Ashley Raines almost every day.

20. Hayes also regularly touched Plaintiff inappropriately and in an

unwelcome fashion, including putting his hand on her thigh, attempting to grab her hands, wiping sweat off her face and neck, and grabbing her phone to "look for nudes."

21. Tommy Riddle, another foreman employed by Defendant Reed, also regularly made offensive and unwelcome sexual comments to Plaintiff Ashley Raines.

22. Among other things, Riddle would ask Plaintiff whether she "wore panties", commented on her lips and mouth in a suggestive manner, and commented on her "ass."

23. Plaintiff consistently told Riddle not to talk to her like that and would walk away when he did.

24. Riddle also asked Plaintiff whether he "needed [her] permission to touch [her]."

25. Plaintiff told Riddle that he did. She further told Riddle that if he touched her, she would "knock the hell out of [him]."

26. Riddle's teenage son, who was often on the jobsite, told Plaintiff that she did not belong there.

27. Eventually, in or around October, 2020, Plaintiff Ashley Raines complained to Barbara Haage, the Human Resources manager.

28. Haage told Plaintiff that she would be moved to a different jobsite,

under a different foreman, named Lynn Dolan, and that she would no longer have to work around Hayes or Riddle.

29. In addition, Haage told Plaintiff that she would be moving her to the jobsite where her father worked.

30. However, this "move" did nothing to alleviate the pervasive sexism and discrimination on Defendant's jobsites.

31. Plaintiff's new foreman, Lynn Dolan, began calling her "Cinderella," gave her a broom and made her sweep the trailers. (Plaintiff does not recall any male employees ever being made to do this).

32. To add insult to injury, the day that Plaintiff began working on the new jobsite, her father was reassigned to a different location.

33. Shortly thereafter, Dolan took Plaintiff to Riddle's jobsite. Plaintiff protested but was told that Riddle would not be there.

34. However, Riddle was there and Dolan spoke with him at length while Plaintiff remained in the truck.

35. The entire duration of the conversation, Riddle glared angrily at Plaintiff, making her feel threatened.

36. Plaintiff once again complained to the HR manager, Barbara Haage, but was told that the matter was closed and that they would not be adding anything to the file about this.

37. On or about December 23, 2020, Dolan texted Plaintiff and told her that there was no work to be done that day and that "everyone" was going home.

38. Plaintiff subsequently learned that the rest of the workcrew (all male) actually worked a full day and earned holiday pay as a result.

39. Plaintiff once again complained to the HR manager, Barbara Haage, but was told that there was nothing that could be done.

40. On or around January 4, 2021, Dolan again texted Plaintiff and told her that there was nothing for her to do that day. Once again it turned out that it was a regular work day and the full crew worked all day, in Plaintiff's absence.

41. Following Plaintiff's complaints of sexual harassment, she was denied work opportunities on multiple occasions, either being told not to come in, being sent home, or assigned to jobsites where there was less work to do.

42. Plaintiff was ostracized by her male co-workers and lost a considerable amount of pay as a result of Defendant's retaliatory actions.

43. Following the sale of Reed Contracting Services to the Rogers Group, Inc. in early 2021, Plaintiff found herself in employment limbo. Although all of her co-workers were hired by Rogers after it purchased Reed, the Plaintiff was not.

44. Reed refused to acknowledge Plaintiff's continued employment there, despite not having explicitly terminated her, and Rogers outright told her that they would not be hiring her because of the EEOC complaint she had filed against Reed.

45. Plaintiff Ashley Raines was terminated by Reed and was subsequently not hired by Rogers in retaliation for her complaints of sexual harassment and discrimination.

46. Plaintiff was retaliated against for reporting complaints of sexual harassment in violation of TITLE VII of the CIVIL RIGHTS ACT OF 1964, as amended.

## CAUSES OF ACTION

### COUNT I
### SEXUAL DISCRIMINATION UNDER TITLE VII
(AS TO DEFENDANTS REED & ROGERS)

47. Plaintiff realleges and incorporates by reference, paragraphs 1 through 46, as if fully stated herein.

48. Plaintiff has been discriminated against by the Defendants because of her gender and subjected to both a subjectively and objectively hostile work environment due to her female gender.

49. The above-discussed sexual discrimination violated TITLE VII of the CIVIL RIGHTS ACT OF 1964, as amended.

50. As a proximate result of the Defendants' wrongful conduct, Plaintiff has been injured and damaged as follows: she has suffered extreme mental and emotional distress, pain and suffering, lost wages and benefits.

51. As a subsequent purchaser for consideration of Defendant Reed's business assets, Defendant Rogers also acquired the liabilities associated with

Defendant Reed's wrongful acts and has assumed liability to the Plaintiff in addition to Reed for said acts.

WHEREFORE, the Plaintiff prays that judgment be entered against Defendants for compensatory and punitive damages, costs of this action, and such other legal and equitable relief as this Court deems necessary and proper.

**COUNT II**
**RETALIATION UNDER TITLE VII**
**(AS TO DEFENDANTS REED & ROGERS)**

52. Plaintiff realleges and incorporates by reference, paragraphs 1 through 46, as if fully stated herein.

53. Defendant Reed retaliated against Plaintiff by applying a disproportionately unfair and discriminatory standard to Plaintiff when assigning work opportunities after her complaint of sexual harassment at work. The Plaintif lost pay because she was told not to come to work on days her co-workers worked. This was done in in retaliation for the Plaintiff's complaints about sexual harassment because she opposed employment practices that she believes to be unlawful, in violation of TITLE VII of the CIVIL RIGHTS ACT OF 1964, as amended.

54. Defendant Reed subjected Plaintiff to unequal treatment regarding the terms, conditions and privileges of her employment for complaining of gender-based sexual harassment. The retaliation was done willfully and with malicious and reckless disregard for the rights of Plaintiff.

55. Defendant Roger retaliated against the Plaintiff and refused to consider her for hire because she had filed a Charge of Discrimination against Reed, its predecessor in interest.

56. As a proximate result of the Defendants' wrongful conduct, Plaintiff has been injured and damaged as follows: she has suffered extreme mental and emotional distress, pain and suffering, lost wages and benefits.

57. As a subsequent purchaser for consideration of Defendant Reed's business assets, Defendant Rogers also acquired the liabilities associated with Defendant Reed's wrongful acts, and becomes an additionally-liable Defendant for said acts of retaliation committed by Reed, in addition to its own conduct in refusing to consider her for employment because she had filed a Charge of Discrimination.

WHEREFORE, the Plaintiff prays that judgment be entered against Defendant, Reed, for compensatory and punitive damages, costs of this action, and such other legal and equitable relief as this Court deems necessary and proper.

## COUNT III
### NEGLIGENT/WANTON, HIRING, TRAINING, SUPERVISION AND/OR RETENTION
#### (AS TO DEFENDANTS REED & ROGERS)

58. Plaintiff realleges and incorporates by reference, paragraphs 1 through 46, as if fully stated herein.

59. Defendant Reed owed a duty to Plaintiff to properly train, supervise & retain employees so as to promote and maintain a work environment without

pervasive sexual harassment and discrimination.

60. Defendant Reed failed to properly train and/or supervise its employees, specifically Jimmy Hayes, Tommy Riddle and Lynn Dolan who were incompetent in that they committed the wrongful acts referred to herein in the line and scope of their employment.

61. Defendant Reed, as the employer, is and was imposed with the duty to train and supervise employees.

62. Defendant Reed breached its duty by failing to exercise reasonable care or acting in reckless disregard of a known risk that the Plaintiff would be subjected to continued sexual harassment.

63. As a direct and proximate result of the Defendant Reed's breach of its duty to exercise reasonable care, the Plaintiff has suffered from a loss of income and benefits, as well as mental and physical anguish and severe emotional distress.

64. As a subsequent purchaser for consideration of Defendant Reed's business assets, Defendant Rogers also acquired the liabilities associated with Defendant Reed's wrongful acts and becomes an additionally-liable Defendant for said acts.

WHEREFORE, the Plaintiff prays that judgment be entered against Defendant, Reed, for compensatory and punitive damages, costs of this action, and such other legal and equitable relief as this Court deems necessary and proper.

## PRAYER FOR RELIEF UNDER TITLE VII

The Plaintiff has suffered, is now suffering, and will continue to suffer emotional distress, pain, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as a direct result of the Defendants' violation(s) of TITLE VII of the CIVIL RIGHTS ACT OF 1964, as amended.

The Plaintiff has and will continue in the future to suffer pecuniary losses as a direct result of the Defendants' violation(s) of TITLE VII of the CIVIL RIGHTS ACT OF 1964, as amended.

WHEREFORE, the Plaintiff prays that this Court:

    a. Declare the conduct engaged in by the Defendant, Reed, to be in violation of the Plaintiff's rights;

    b. Enjoin the Defendant, Reed, from engaging in such conduct in the future;

    c. Award the Plaintiff compensatory and punitive damages, including back pay, in an amount to be determined by this Court;

    d. Award the Plaintiff costs and attorneys' fees; and

    e. Grant such further and other, different and relief, including equitable, as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues triable at law.

Respectfully submitted this the 7th day of January, 2022.

                                          */s/ Teri Ryder Mastando*
                                          Teri Ryder Mastando (ASB-4507-E53T)
                                          Eric J. Artrip (ASB-9673-I68E)
                                          MASTANDO & ARTRIP, LLC
                                          301 Washington St., Suite 302
                                          Huntsville, Alabama 35801
                                          Phone:    (256) 532-2222
                                          Fax:       (256) 513-7489
                                          teri@mastandoartrip.com
                                          artrip@mastandoartrip.com

                                          *Attorneys for Plaintiff, Ashley Raines*

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL:**

Reed Alabama, Inc.
(c/o Michael W. Reed, Registered Agent)
4892 Union Grove Road,
Union Grove, AL

Rogers Group, Inc.
(c/o CT Corporation, Registered Agent)
2 North Jackson Street, Suite 605,
Montgomery, AL 36104

                                          */s/ Teri Ryder Mastando*
                                          Teri Ryder Mastando

                                          *Attorney for Plaintiff, Ashley Raines*